399 So.2d 779 (1981)
Dorothy Webster SILAS, Plaintiff-Appellee,
v.
Albert SILAS, Jr., Defendant-Appellant.
No. 8229.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1981.
*780 Eugene Cicardo, Alexandria, for defendant-appellant.
Edward Larvadain, Jr., Alexandria, for plaintiff-appellee.
Before GUIDRY, FORET and CUTRER, JJ.
CUTRER, Judge.
Dorothy Webster Silas brought suit against Albert Silas, Jr., seeking a divorce on the grounds of adultery and, alternatively, a separation from bed and board on the ground of abandonment. The defendant answered and filed a reconventional demand, seeking divorce on the grounds of living separate and apart for one year.
The trial court, without reasons, granted a judgment of divorce in favor of the defendant. Plaintiff was granted custody of their six year old child. The judgment awarded plaintiff $250.00 per month alimony pendente lite and permanent alimony in the same amount. The court also awarded plaintiff $350.00 per month as child support retroactive to the filing of the petition.
The defendant appeals raising the following issues:
(1) Whether the plaintiff was entitled to permanent alimony under the requirements of Civil Code art. 160; and
(2) If plaintiff met these requirements, whether the awards of alimony and child support are excessive.
*781 Civil Code art. 160 governs alimony after divorce and reads as follows:
"When a spouse has not been at fault and has not sufficient means of support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse's earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
"In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances...."
Alimony after divorce is awarded to a spouse only if that spouse proves that he or she has insufficient means of support. Expenses which should be considered in determining the needs of the claimant spouse are primarily those of food, clothing and shelter. Also, included are other necessary items such as reasonable transportation expenses, utilities and household expenses. Volker v. Volker, 398 So.2d 134 (La.App. 3rd Cir. 1981); Moss v. Moss, 379 So.2d 1206 (La.App. 3rd Cir. 1980); Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973).
The plaintiff is employed by the Rapides Parish School Board at a gross salary of $12,000.00 per year.
The record establishes that the plaintiff is a well-educated, self-sufficient person. She has no unusual or major financial obligations. In the months prior to trial she has even consistently maintained a $50.00 per month savings plan. We find that the plaintiff has sufficient means to provide herself with the basic necessities of life. The trial court erroneously awarded the plaintiff $250.00 per month permanent alimony and the judgment must be reversed in this regard.
We now turn to the award of $350.00 for child support. The defendant argues that since both parents are obligated to support a child of the marriage, that equal financial contributions must be made. He then reasons that $700.00 a month is well above the amount needed to support a six year old child.
The defendant's position is without merit. Child support should be granted in proportion to the needs of the child and the circumstances of the parent who is to pay. Ducote v. Ducote, 339 So.2d 835 (La. 1976). The defendant earned over $23,000.00 the year before trial and testified that he expected to earn approximately $25,000.00 in 1980. Considering all the circumstances, we find that the defendant is in a much better position to meet the bulk of the child's financial needs than is the plaintiff.
The trial court is vested with wide discretion in determining child support. Such a determination will not be disturbed by an appellate court unless a review of the record indicates that the trial judge abused that discretion. Strickland v. Strickland, 377 So.2d 537 (La.App. 3rd Cir. 1979); Dupre v. May, 365 So.2d 1173 (La.App. 3rd Cir. 1978); Gravel v. Gravel, 331 So.2d 580 (La.App. 3rd Cir. 1976).
Given the relative financial position of the two parties, considering their earnings and necessary expenses, we do not think that the trial court's award of $350.00 per month for child support is an abuse of discretion.
For the above and foregoing reasons, the judgment of the trial court, condemning *782 defendant to pay permanent alimony to plaintiff, is reversed. The trial court judgment is affirmed in all other respects. Costs of this appeal are to be paid one-half by the plaintiff-appellee and one-half by the defendant-appellant.
REVERSED IN PART; AFFIRMED IN PART.