417 So.2d 31 (1982)
Eugene HECK
v.
Catherine Ann HECK.
No. 14889.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
William C. Dupont of Dupont, Dupont & Dupont, Plaquemine, for plaintiff-appellant Eugene Heck.
Donna W. Lee, Luse & Lee, Baton Rouge, for defendant-appellee Catherine Ann Heck.
Before ELLIS, PONDER and SAVOIE, JJ.
SAVOIE, Judge.
This case is on appeal from a judgment awarding permanent alimony under Civil Code Article 160, to a divorced wife. The former wife, Catherine Heck, was found to be without fault in the divorce. The marriage between her and the appellant, Eugene Heck, lasted approximately six years and produced no children. Both parties are employed full-time. Eugene Heck has two teen-age children of a prior marriage residing with him. Catherine Heck has no dependents.
The key finding necessary for an award of alimony under Louisiana Civil Code Article 160 is that the spouse claiming it "has not sufficient means for support". The trial judge based his finding on necessitous circumstances in this case on evidence that Mrs. Heck had monthly take-home pay of $852.50 and monthly expenses of at least $1,100.00.
Her expense list[1] included no unusual or extraordinary items with the exception of an unsupported weekly expense of $50.00 for chiropractic treatment for a back ailment.
Eugene Heck showed that he had take-home pay of $1,414.12 per month. An income tax refund of $1,300.00 last year would raise this amount by a little more than $100.00 per month. He also submitted an expense list showing a monthly deficit.[2] Nevertheless, he was ordered to pay $189.00 per month in permanent alimony.
*32 In Silas v. Silas, 399 So.2d 779 (La.App. 3rd Cir. 1981) Judge Cutrer wrote:
"Alimony after divorce is awarded to a spouse only if that spouse proves that he or she has insufficient means of support. Expenses which should be considered in determining the needs of the claimant spouse are primarily those of food, clothing and shelter. Also, included are other necessary items such as reasonable transportation expenses, utilities and household expenses. Volker v. Volker, 398 So.2d 134 (La.App. 3rd Cir. 1981); Moss v. Moss, 379 So.2d 1206 (La.App. 3rd Cir. 1980); Bernardt v. Bernardt, 283 So.2d 226 (La.1973).
"The plaintiff is employed by the Rapides Parish School Board at a gross salary of $12,000.00 per year.
"The record establishes that the plaintiff is a well-educated self-sufficient person. She has no unusual or major financial obligations. In the months prior to trial she has even consistently maintained a $50.00 per month savings plan. We find that the plaintiff has sufficient means to provide herself with the basic necessities of life. The trial court erroneously awarded the plaintiff $250.00 per month permanent alimony and the judgment must be reversed in this regard."
The gross salary of Catherine Heck is over $14,000.00. We agree with the Silas court that a person with no unusual or major financial obligations, working full-time for a respectable salary, is not in necessitous circumstances so as to justify an award of permanent alimony.
For the above and foregoing reasons, the judgment of the trial court is hereby reversed.
All costs are to be taxed to appellee.
REVERSED.
NOTES
[1] We find the expenses listed by the appellee to be inflated.
[2] We find the expenses listed by the appellant reasonable.