428 So.2d 1059 (1983)
Elaine C. DUGAS
v.
Maurice Anthony DUGAS.
No. 82 CA 0400.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Larry P. Boudreaux, Thibodaux, for appellee Elaine C. Dugas.
*1060 Michael P. Pellegrin, Atty. at Law, Houma, for appellant Maurice Anthony Dugas.
Before PONDER, SAVOIE and CRAIN, JJ.
SAVOIE, Judge.
Mover-appellant, Maurice Anthony Dugas, asserts the trial court's award of L.S. A.-C.C. 160 permanent alimony to his former wife is in error. He contends that his former wife has failed to prove that she is in necessitous circumstances. We agree.
The sole issue before us is whether Elaine C. Dugas is in necessitous circumstances.
On April 2, 1979, Elaine C. Dugas was granted a divorce from her husband and awarded One hundred fifty and no/100 ($150.00) dollars per month in permanent alimony. Subsequently, this award was increased to Three hundred fifty and no/100 ($350.00) dollars per month.
A rule to set aside this award or, in the alternative, reduce the award was filed by Mr. Dugas on October 13, 1981. The basis for such rule was that at the time permanent alimony was granted, Elaine C. Dugas earned in excess of One thousand and no/100 ($1,000.00) dollars per month. As such, he contends she was not in necessitous circumstances. At the trial on the rule's merits, testimony showed that Elaine C. Dugas had been steadily employed for the past eleven years; that her current monthly income was One thousand, six hundred fifty-two and no/100 ($1,652.00) dollars; that she owns her own mobile home; and that she has no outstanding debts.
Contrarily, it was shown that since the last rule to fix permanent alimony, Mr. Dugas is now unemployed; has had his income decreased by approximately Three hundred and no/100 ($300.00) dollars per month due to a loss of rental income; and receives a total of only One thousand two hundred thirty-six and 80/100 ($1,236.80) dollars per month, consisting of Four hundred thirty-six and 80/100 ($436.80) dollars per month from Social Security for disability payments and Eight hundred and no/100 ($800.00) dollars per month from the sale of separate property.
The trial court is vested with much discretion in fixing alimony and should not be reversed absent a clear abuse of discretion. Loyacano v. Loyacano, 358 So.2d 304 (La.1978); Oliver v. Oliver, 417 So.2d 1278 (La.App. 1st Cir.1982); and Gautreaux v. Gautreaux, 382 So.2d 996 (La.App. 1st Cir.1980). We find the expense list submitted by Mrs. Elaine C. Dugas includes numerous non-allowable expenses as well as excessive amounts for allowable expenses. As such, the record fails to support any contention that she is in necessitous circumstances. Her gross salary is over $19,824.00 per year. We find that a person with no unusual or major financial obligations, working full-time for a very respectable salary is not in necessitous circumstances such as to justify any award of permanent alimony. Heck v. Heck, 417 So.2d 31 (La. App. 1st Cir.1982); and Silas v. Silas, 399 So.2d 779 (La.App. 3rd Cir.1981), writ denied, 404 So.2d 278 (La.1981).
For the above and foregoing reasons, judgment of the trial court is reversed, and judgment herein is rendered in favor of mover-appellant, Maurice Anthony Dugas, decreeing a termination of permanent alimony. All costs are to be borne by appellee, Mrs. Dugas.
REVERSED AND RENDERED.