CARTER, Judge.
This is an appeal by appellant, Barbara Beard Gaidry, from the judgment of the trial court reducing alimony payments from $1,000.00 per month to $300.00 per month.
By judgment dated July 30, 1982, Barbara Beard Gaidry and Wilson J. Gaidry, III, were divorced. Appellant was granted custody of the minor child, Rebecca Lynn Gaidry. The divorce judgment also provided for Mr. Gaidry to pay alimony of $1,000.00 per month and child support of $300.00 per month.
On January 3, 1984, Mr. Gaidry filed a rule to terminate or, in the alternative, to reduce alimony payments to his former wife, claiming a reduction in income and an increase in expenses. Appellant subsequently filed a rule to increase child sup *707 port and alimony, claiming an increase in expenses. The rules were consolidated, and judgment was rendered in favor of Mr. Gaidry reducing his obligation to pay alimony from $1,000.00 per month to $300.00 per month retroactive to the date of the filing of his rule.[1]
From this judgment, appellant appeals, assigning the following errors:
1. The trial court erred in finding a significant reduction in appellee’s income to justify a $700.00 per month reduction in support;
2. The trial court erred in reducing appellant’s alimony considering the economic position of both parties and the fact that appellee is paying voluntarily more money per month to support the children of a prior marriage and the child of his new wife than the total alimony and child support payments he claimed he could not afford to pay appellant; and,
3. The trial court erred in not finding an increase in appellant’s expenses justifying an increase in alimony and/or child support for appellant.
DISCUSSION[2]
Since the divorce decree, appellant has moved from Houma to Lafayette, where she purchased a house and new car with the proceeds from the community property settlement.[3] Because of financial problems of undetermined origin, she has already refinanced her home. Although Mrs. Gaid-ry was unemployed at the time of the divorce, at the time of trial she was employed by Tenneeo Oil Company as a temporary employee.
Since the divorce, Mr. Gaidry has remarried and is presently supporting his new wife and her child by a previous marriage. As a result, he has increased expenses. On his 1982 income tax return, Mr. Gaidry reported gross rent and royalty income of $39,163.00, and on his 1983 return, the rent and royalty income dropped to $29,298.00. Further, his adjusted gross income dropped from $20,316.00 in 1982 to $10,108.00 in 1983. However, unadjusted gross income was $25,316.00 in 1982 and $22,108.00 in 1983, a difference of approximately $3,000.00.
A party who seeks modification in an award of permanent alimony or support on the ground that there has been a change in financial circumstances must establish a significant change in the party’s circumstances since the permanent alimony was last modified or set. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Gray v. Gray, 451 So.2d 579 (La.App.2d Cir. 1984), writ denied, 457 So.2d 13 (La.1984); Milligan v. Milligan, 431 So.2d 795 (La.App. 5th Cir. 1983); Nash v. Nash, 431 So.2d 1090 (La.App. 3rd Cir.1983); Blondeau v. Blondeau, 396 So.2d 403 (La.App. 1st Cir. 1981); Willis v. Willis, 355 So.2d 999 (La.App. 4th Cir. 1978), writ denied, 356 So.2d 1389 (La.1978).
Further, a trial court is afforded great discretion in making alimony determinations and its ruling in that respect will not be disturbed absent a manifest abuse of discretion. Dugas v. Dugas, 428 So.2d 1059 (La.App. 1st Cir.1983); Renfroe v. Renfroe, 428 So.2d 875 (La.App. 1st Cir. 1983).
Evidence adduced at trial showed increased expenses for both appellant and Mr. Gaidry as well as a significant decrease in income for Mr. Gaidry and an increase in income for appellant. In reducing the alimony award from $1,000.00 to $300.00, the trial judge stated:
Mr. Gaidry’s income tax returns for the years in question are filed into the record and it is apparent that he has in fact suffered a substantial dimunition in income, particularly in the area of his *708 royalty income. Mr. Gaidry’s adjusted gross income for 1982 was $20,316.00 and his adjusted gross income for 1983 was $10,108.00 with the sources of that income being fully shown on the complete copies of the tax returns which are filed in evidence as W.J. Gaidry No. 2 and W. J. Gaidry No. 3.
On the other hand Mrs. Gaidry, who was unemployed at the time that the alimony and child support were fixed, is now employed by Tenneco Oil Company in Lafayette on what she characterizes as a temporary basis, although she has in fact been continuously employed there since August of 1983. Her salary produces a net income to her of $181.00 per week which translates into $9,400.12 per year and further breaks down to $784.33 per month in take home pay.
Mrs. Gaidry no longer has the $50,-000.00 in cash with which she left the community, she has had to refinance her house on one occasion since buying it and claims that her house note of $650.00 per month reflects a change in circumstance and that she should be awarded an increase in her alimony and child support.
While the Court will not consider Mr. Gaidry’s claim for increased expenses due to his remarriage as a basis for a reduction of his alimony and child support, the Court will likewise not consider Mrs. Gaidry’s present financial circumstance as is evidenced by the quantum of her house note because both of these acts, i.e. Mr. Gaidry’s remarriage and Mrs. Gaidry’s apparent predeliction for rather rapid consumption of existing funds are both situations of their own making. The only situation which has changed here and which is not of the making of either of the parties is Mr. Gaidry’s rather considerable dimunition in income from what it was at the time that the alimony and child support were fixed.
Considering the evidence of record, we cannot say that the trial judge was manifestly erroneous in his findings, and we find no abuse of his discretion. See Dugas v. Dugas, supra; Renfroe v. Renfroe, supra. See also Arabie v. Arabie, 447 So.2d 22 (La.App. 1st Cir.1984) and Volker v. Volker, 398 So.2d 134 (La.App. 3rd Cir.1981).
Appellant also contends that the trial judge erred in making the reduction in alimony retroactive to the date the rule was filed.
In Oliver v. Oliver, 417 So.2d 1278, 1282 (La.App. 1st Cir.1982), we stated:[4]
If a trial court on a rule for the reduction of an alimony award grants the relief requested, it has the discretion to fix the effective date of the reduction and may make it retroactive to the date that the rule was filed. Vinson v. Vinson, 292 So.2d 763 (La.App. 4th Cir.1974).
We find no abuse of discretion on the part of the trial court.
For the above and foregoing reasons, judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. The original award of $300.00 for child support was not reduced or terminated.

. Because the legal issues and facts are intertwined, the court will discuss the three assignments of error together.

.As part of the community property settlement, Mrs. Gaidry received $50,000.00 in cash which was proceeds from a sale of a community house that was in Mrs. Gaidry’s name.

. Cassidy v. Cassidy, 477 So.2d 84 (La.1985) for a different rule as concerns alimony pendente lite which must continue until final judgment on appeal.