LABORDE, Judge.
Judgment declaring a final divorce between Raleigh Anthony Aucoin and Frances Carol Miller Aucoin was rendered November 19, 1984 on the ground of living separate and apart for more than one year under LSA-R.S. 9:301. A month later, Ms. Aucoin filed a rule for “permanent alimony,” praying for eight hundred ($800.00) dollars per month. The trial court ordered that appellant, Mr. Aucoin, pay two hundred fifty ($250.00) dollars per month to Ms. Aucoin, subject to an adjustment upon the partition of the community’s property. The grant of post-divorce alimony in this case lacks support from the record and is manifestly erroneous. We reverse.
Alimony after divorce is only due if the spouse seeking it proves that he or she is without fault and in necessitous circumstances. La. C.C. art. 160; Frederic v. Frederic, 302 So.2d 903 (La.1974); Buxton v. Buxton, 458 So.2d 606 (La.App. 3d Cir. 1984). The trial court correctly found that Ms. Aucoin was free from fault. This issue has not been contested on appeal. .
The spouse who demonstrates a need for permanent alimony is only entitled to an amount sufficient to provide for his or her maintenance. Ward v. Ward, 339 So.2d 839 (La.1976). Those items which are encompassed by the term “maintenance” are: food, shelter, clothing, reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses, and the income tax liability caused by alimony. Laporte v. Howell, 452 So.2d 420 (La.App. 3d Cir.1984). The amount of alimony fixed by the trial court should not be modified unless the record reveals that it abused the sound discretion with which it is vested under La. C.C. art. 160. Buston, supra at 608.
Under the terms of La.C.C. art. 160, in determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances. The means and needs of the claimant must be considered; however, the claimant spouse need not be raised to the manner of living enjoyed during the marriage. Darbonne v. Darbonne, 427 So.2d 558, 560 (La.App.3d Cir.1983).
Both parties in this matter submitted affidavits of expenses and testified regarding their respective incomes and expenses on a monthly basis. The record indicates that the parties used the term “net income” in various and conflicting ways. For this reason, we will refer to the parties’ “after taxes” income. Ms. Aucoin declared a monthly income of one thousand one hundred ninety-one ($1,191.00) dollars after taxes and claims monthly expenses of one thousand six hundred eighty-seven ($1,687.00) dollars. This latter amount includes automatic payroll deductions for hospitalization insurance, cancer insurance, and car note payments, but does not include mandatory retirement deductions.
Ms. Aucoin is a forty-two (42) year old accountant employed since 1976 by the State of Louisiana. She is a civil servant and is paid a salary according to steps or levels as provided for by that office. Accountants can reach ten (10) possible levels of salary. Ms. Aucoin has already achieved the ninth level. Unless Ms. Au-coin has overextended herself or has unreasonable expenses, her salary should keep her out of necessitous circumstances. We will now review some of her expenses.
Ms. Aucoin’s affidavit of expenses shows that her automobile note and connected expenses total five hundred twenty-nine and 50/100 ($529.50) dollars per month. This expense alone amounts to almost one-half of Ms. Aucoin’s income after taxes. Under the circumstances, this is an unreasonable expense. Further, Ms. Aucoin included items which, while prudent, go beyond maintenance, e.g., yard expense, various appliance maintenance contracts, pet supplies, and even an expense account for future house repairs.
The testimony of Ms. Aucoin discloses that she allows her major child, making approximately thirty thousand ($30,000.00) dollars per year, to live in her home with *368 out contributing to household expenses, apart from paying for his own sustenance.
The record also shows that the Aucoins have yet to partition the community property. The community’s liquid assets exceed fifteen thousand ($15,000.00) dollars (to which Ms. Aucoin has ready access) and the capital assets exceed ($90,000.00) dollars (two fixed homes and a trailer home). At least two of the three homes are available for rental. The record does not indicate whether Mr. Aucoin has a pension through work, but it does show that Ms. Aucoin contributes one hundred seven and 52/100 ($107.52) dollars per month in the State’s mandatory retirement fund and that these contributions have been made since 1976. Although a final community property settlement had not been executed at the time of trial, Ms. Aucoin had access to the assets. We find that the trial court improperly failed to consider these community assets.
Ms. Aucoin’s monthly salary, access to community liquid and fixed assets, and declared expenses, which go beyond maintenance and reasonable expenses, all combine to remove her from that class of divorcees who are genuinely in need of economic assistance from their former spouses. Ms. Aucoin is not entitled to post-divorce alimony at this time. We hold that the trial court abused its discretion in making the award.
For the above and foregoing reasons, the judgment of the trial court is reversed and set aside. Costs of this appeal are taxed to appellee, Frances Aucoin.
REVERSED.