613 So.2d 228 (1992)
Marilyn S. Wilson AGUILAR
v.
Stephen M. WILSON.
No. 91 CA 2006.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
Writ Denied March 12, 1993.
Alan Fishbein, Baton Rouge, for plaintiff-appellee Marilyn S. Wilson Aguilar.
Jack M. Dampf, Baton Rouge, for defendant-appellant Stephen M. Wilson.
Before EDWARDS and SHORTESS, JJ., and FOGG,[1] J. Pro Tem.
SHORTESS, Judge.
The issue presented for our review on this appeal is whether the trial court abused its discretion in maintaining child support payments of $3,000.00 per month for one minor child.
Marilyn Smith Aguilar (plaintiff) and Stephen M. Wilson (defendant) were divorced in 1980. Plaintiff was awarded custody of their three minor children, and defendant stipulated he would pay her "as child support the sum of $3,000.00 per month...." In 1991, defendant moved to reduce the child support because two of the three children had reached the age of majority. Plaintiff countered with a motion to increase the child support. The trial court denied both motions and maintained the child support at $3,000.00 per month. Defendant appealed contending the award was excessive.
On appeal, this court found it could not properly review the judgment and remanded the case to the trial court for the purpose of obtaining its written reasons for deviating from the child support guidelines provided by LSA-R.S. 9:315-315.15.[2] The trial court subsequently amended its judgment and stated the child support was being maintained for the reasons espoused in plaintiff's original appellate brief. However, after a review of plaintiff's brief, the case was again remanded to the trial court for its written reasons for deviating from the guidelines because this court still could not determine what calculations were made *229 by the trial court in arriving at the $3,000.00 per month figure.[3] Thereafter, the trial court reconstructed its calculation of the $3,000.00 per month figure.
The child support schedule found in R.S. 9:315.14 stops at $10,000.00 per month combined adjusted monthly gross income. The trial court found plaintiff's adjusted monthly gross income to be $4,952.00 per month and defendant's adjusted monthly gross income to be approximately $32,500.00 per month. The combined adjusted monthly gross income is therefore $37,452.00 per month or almost four times the highest figure in the guideline schedule. Accordingly, this situation is governed by R.S. 9:315.10(B) which provides as follows:
If the combined adjusted gross income of the parties exceeds the highest level specified in the schedule contained in R.S. 9:315.14, the court shall use its discretion in setting the amount of the basic child support obligation, but in no event shall it be less than the highest amount set forth in the schedule.
The trial court determined the monthly child support to be $3,918.00. This figure was based upon a rough extrapolation of the highest support figure provided in the schedule.[4] Defendant's proportionate share of the support was then calculated to be $3,409.00 per month. This figure, however, was adjusted downward by the trial court to $3,000.00 per month in view of plaintiff's and defendant's "extraordinary community debts, etc."
Under the clear provisions of R.S. 9:315.10(B), the trial court has discretion in setting the amount of child support when the combined adjusted gross income of the parties exceeds the highest figure provided in the schedule, and its judgment in such matters will not be disturbed in the absence of a showing of an abuse of that discretion. After a thorough review of the record and upon considering all of the circumstances of this case, we find the award of $3,000.00 per month made by the trial court for child support, while generous, is not excessive. We therefore find no abuse of the trial court's discretion.
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed against defendant.
AFFIRMED.
NOTES
[1] Judge Kenneth J. Fogg is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Our original opinion is cited at 597 So.2d 1186 (La.App. 1st Cir.1992).
[3] Our second opinion is Aguilar v. Wilson, 607 So.2d 837 (La.App. 1st Cir., 1992.)
[4] The trial court determined the support figure by multiplying 3.7 times $1,059.00 which is the highest support figure provided in the schedule.