625 So.2d 383 (1993)
Deborah J. Duos KRAMPE, Plaintiff-Appellant,
v.
Edward Joseph KRAMPE, Defendant-Appellee.
No. 92-245.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1993.
*384 David Allen Blanchet, Lafayette, for Deborah J.D. Krampe.
Harmon F. Roy, Lafayette, for Edward J. Krampe.
Before DOMENGEAUX, C.J., and KNOLL and SAUNDERS, JJ.
KNOLL, Judge.
This appeal involves an increase in child support in a case where the parents' adjusted monthly income figure greatly exceeds the highest income figure in the guideline's schedule. The father, Edward Krampe, has a monthly income of $35,272.69. The mother, Deborah J. Duos Krampe, was unemployed, but her newly married husband has a monthly income of $5,289; based on her second husband's income, the trial court ascribed $1,000 monthly to Deborah which could be considered in assessing her child support obligation. Neither party disputes these determinations.
Deborah sought $3,299.16 per month for the support of Marc, the only child born of her marriage to Edward. The trial court increased Edward's child support obligation from $700 per month to $1,240 per month, and ordered him to continue to pay Marc's hospitalization insurance, all non-covered medical and dental expenses, and private school tuition and expenses, including costs of school uniforms.
Deborah appeals, asserting that the trial court erred when it: 1) found that the legislative intent was that any child could be raised on the highest level in the support schedule; 2) decided the amount of the child support award prior to hearing all evidence; 3) ruled that evidence of termination of Deborah's salary paid by Edward's company was irrelevant to the child support issue; 4) miscalculated the child support award based on extrapolation of the figures contained in the schedule of basic child support obligations; 5) failed to order Edward to pay child support in an amount which would allow Marc to enjoy a pre-divorce standard of living; and, 6) failed to give oral or written reasons for deviating from the guidelines.
For reasons which follow, we affirm.

FACTS
Deborah and Edward Krampe married in October of 1981 and resided in Lafayette.
*385 On February 1, 1985, Deborah and Edward obtained a legal separation, and were legally divorced on January 21, 1986. The issues of joint custody, child support, and partition of community property were considered on June 3, 1986. Pursuant to the parties' joint stipulation and plan of implementation, the trial court awarded the parties joint custody of Marc. Additionally, the trial court ordered Edward to pay Deborah, as primary custodial parent, $700 per month in child support, together with Marc's clothing, medical and dental expenses, hospitalization insurance premiums, and all educational expenses. The trial court also allowed Deborah and Marc to live free of charge in Edward's condominium; the rental on the condominium was normally $950 per month. This latter arrangement continued even after Deborah's marriage to Carl Robicheaux in January of 1991, until they moved to Baton Rouge in connection with Carl's employment. Deborah gave birth to her second child after she and Carl moved to Baton Rouge.
On June 21, 1991, Deborah filed a rule to increase child support and modify the joint custody plan. The trial court held a hearing in November of 1991; at this time, Marc was nine years of age. The trial court rendered judgment on December 5, 1992, increasing Edward's child support to $1,240, plus the payment of Marc's hospitalization insurance, all non-covered medical and dental expenses, and private school tuition and expenses, including school uniforms. Deborah brings this appeal seeking an increase in the child support award.

CHILD SUPPORT
Deborah contends that the trial court erred in several ways in its calculation of child support. We consider each in turn.
LSA-R.S. 9:315.10(B) provides:
"If the combined adjusted gross income of the parties exceeds the highest level specified in the schedule contained in R.S. 9:315.14, the court shall use its discretion in setting the amount of the basic child support obligation, but in no event shall it be less than the highest amount set forth in the schedule."
Under the clear provisions of R.S. 9:315.10(B), the trial court has discretion in setting the amount of child support when the combined adjusted gross income of the parties exceeds the highest figure provided in the schedule, and its judgment in such matters will not be disturbed in the absence of a showing of an abuse of that discretion. Aguilar v. Wilson, 613 So.2d 228 (La.App. 1st Cir.1992), writ denied, 614 So.2d 66 (La. 1993).
First, Deborah asserts that the trial court found that the highest level set forth in the child support schedule of LSA-R.S. 9:315.14 is sufficient to raise any child. Contrary to Deborah's assertion, the trial court recognized and utilized its discretion and awarded $1,240 in child support, an amount in excess of $1,059, the highest amount shown on the schedule. Additionally, it made Edward responsible for the cost of Marc's hospitalization insurance, all non-covered medical and dental expenses, and private school tuition and expenses, including the costs of school uniforms. When these additional obligations are totaled, they amount to a sum of $485.06.[1] Thus, since the trial court awarded an amount of child support in excess of the maximum scheduled award, we find that this assignment of error has no evidentiary basis and completely lacks merit.
Secondly, Deborah contends that the trial court decided the amount of child support prior to evaluating any of the documentary evidence or hearing the testimony of any witnesses. The record shows that the trial court considered the documentary and testimonial evidence in the record relating to Marc's needs and his parents' incomes. On numerous occasions, the trial court referred to the parties' testimonies and their affidavits of income and expenses. Therefore, we find that this assignment also lacks merit.
In her fourth and fifth assignments of error, Deborah argues essentially that the *386 trial court erred in calculating the basic child support award. Edward's monthly gross income of $35,272.69 combined with the Robicheaux family's income of approximately $5,289 greatly exceed the highest amount shown on the schedule in LSA-R.S. 9:315.14. Therefore, the provisions of LSA-R.S. 9:315.10(B) apply.
Parents have an obligation to support, maintain, and educate their children and should maintain their children in the same status as if the parents were not separated or divorced; this support shall be granted in proportion to the needs of the child and the circumstances of the parent who is to pay. Hargett v. Hargett, 544 So.2d 705 (La.App. 3rd Cir.1989), writ denied, 548 So.2d 1235 (La.1989); LSA-C.C. Arts. 227 and 231.
Edward's monthly income unquestionably provides him with the financial ability to respond to Marc's needs. However, after a careful review of the evidence relating to Marc's needs, we conclude that the trial court did not abuse its discretion, particularly when we consider the trial court's factual finding that Marc's expenses, as submitted by Deborah, were exaggerated.
Although Edward should support Marc in a manner commensurate with Marc's needs and Edward's financial ability, Edward is not required to support Deborah and her new husband and child. Hargett, supra.
The Robicheaux family's monthly expenses total $8,257.61. Of this amount, Deborah allocated $3,299.16, 40% of the expenses of the four (4) person household, to Marc. Deborah's allocation of $1,200 of the family home rental which totaled $1,700 per month illustrates the unreasonableness of Marc's alleged expenses. The fact that prior to this litigation, Edward had voluntarily provided Deborah and Marc with a rent-free condominium unit valued at $950 per month and all of Marc's expenses does not support Deborah's argument that such a high portion of the family's rent should be borne by Marc. Furthermore, other expenses were calculated by simply assigning Marc an arbitrary percentage. For example, Deborah attributed to Marc one-half of the entire family's expenses for maids and baby sitting, and one-half of the costs of her car and life insurance. In addition to the 29% of transportation expenses which Deborah allocates to Marc for the upkeep, repair, maintenance, and gasoline for her BMW, Deborah charges him with 50% of the BMW note.
As exemplified above, because the trial court received no guidance from Deborah's inflated list of Marc's expenses, it calculated an award based on more realistic expenses which were fairly attributable to Marc. The trial court's award of $1,240 plus medical insurance, non-covered medical and dental expenses, and school expenses is more than adequate to maintain Marc in a comfortable and affluent lifestyle above that afforded a person of average means.
Deborah further argues that the trial court erred in sustaining a relevancy objection against questions concerning payment to her of $2,000 which she alleged was child support disguised as salary and expenses from McLaugh, Inc., a corporation owned by Edward.
Louisiana jurisprudence holds that an appellate court must place great weight on a trial court's ruling of relevancy of evidence and should not reverse such a ruling in the absence of a clear abuse of discretion. Pearce v. Power & Telephone of Kentucky, 533 So.2d 46 (La.App. 3rd Cir.1988).
The record shows that McLaugh, Inc. employed Deborah at a monthly salary of $1,400 plus a monthly expense allowance of $600. She asserts that this $2,000 was actually child support. The prior child support judgment and the parties' pleadings in this rule to increase child support belie Deborah's argument. Contrary to Deborah's assertion, the prior child support judgment and the pleadings repeatedly refer to Edward's obligation to pay $700 per month in child support.
After reviewing these facts, we find that the trial court did not err in sustaining a relevancy objection when Deborah sought to *387 elicit testimony concerning the $2,000. To rule otherwise would permit Deborah to collaterally attack the prior judgment. Therefore we agree with the trial court's ruling that testimony on the subject was irrelevant during a hearing involving issues of child support and custody.
As her final assignment of error, Deborah asserts that the trial court failed to give reasons for deviating from the guidelines.
Our research has turned up only one case in which an appellate court has held that a trial court was required to issue oral or written reasons for its choice of an award of child support when the parents' income exceeded the highest amount in R.S. 9:315.14. In Aguilar v. Wilson, 607 So.2d 837 (La.App. 1st Cir.1992), the First Circuit held that the trial court was required to render oral or written reasons if it awarded child support in an instance where the parents' incomes exceeded the guideline maximum. We decline to follow Aguilar.
R.S. 9:315.1(B) applies where the guidelines specify a particular award and the trial court chooses not to follow the requirement of the guideline. In the present case, the only applicable requirement of the guidelines that the trial court was obligated to meet was that it not award "less than the highest amount set forth in the schedule." LSA-R.S. 9:315.10(B). Since the trial court awarded more than the highest amount of the schedule, we are not faced with a question of the trial court's deviation from the schedule. Accordingly, we do not find that the trial court was required to render detailed reasons such as that referred to in Aguilar.
Rather, we find that our task on appellate review in this instance is to determine whether the trial court abused its discretion. LSA-R.S. 9:315.10(B). In the present case, the trial court found that: the award of $1,240 plus other expenses, approximately $500, was reasonable; a higher award would be unreasonable and "ridiculous" for a 9 year old child; and no extraordinary expenses were proven. Therefore, after carefully reviewing the record and the trial court's oral reasons, we find that the trial court did not abuse its discretion in making this award of child support.
For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed to Deborah J. Duos Krampe.
AFFIRMED.
DOMENGEAUX, C.J., concurs and assigns reasons.
DOMENGEAUX, Chief Judge, concurring.
I agree that we cannot find an abuse of discretion under the particular facts of this case. However, I offer the following thoughts for consideration in other cases where the combined gross incomes of the parents far exceeds the highest income level of the child support guidelines.
Under the current statutory scheme, child support awards in cases where the parents' combined income is over $10,000 per month are fixed solely within the trial court's discretion. On appeal, such awards will not be disturbed in the absence of an abuse of discretion. Aguilar v. Wilson, 613 So.2d 228 (La.App. 1st Cir.1992), writ denied, 614 So.2d 66 (La.1993). Given the deference afforded the trial court's decision, Aguilar adopts a reasonable approach by requiring the judge to state the basis of his decision on the record. Such a requirement is certainly consistent with the goals of the guidelines, and an argument can be made that an award in excess of the highest amount on the schedule is in fact a deviation from the schedule which would require that specific reasons be given. See La.R.S. 9:315.1 C(1). Reviewing the results in the instant case and in Aguilar, I find it disturbing that such vastly different awards can be affirmed in cases where the parents have approximately the same income.
I would also point out that this child is not only entitled to live affluently; he is entitled *388 to the same standard of living as if he resided with his father, the financial circumstantial circumstances of the father permitting. See Hargett v. Hargett, 544 So.2d 705 (La. App. 3d Cir.1989), writ denied, 548 So.2d 1235 (La.1989). However, given the evidence presented and the trial court's obvious careful consideration of all issues, I must reluctantly agree to affirm the award.
NOTES
[1] In making this calculation, we are unable to find an estimation of the uniform costs for Marc. Accordingly, our calculation does not reflect the inclusion of this expense. Therefore the total costs of these additional monthly obligations would be actually higher.