631 So.2d 1349 (1994)
Edwin G. PREIS, Jr., Plaintiff-Appellant-Appellee,
v.
Elizabeth Bourque PREIS, Defendant-Appellee-Appellant.
No. 93-569.
Court of Appeal of Louisiana, Third Circuit.
February 2, 1994.
*1350 Anthony Fazzio, Ralph Edward Kraft, and Richard J. Hymel, Lafayette, for Edwin G. Preis, Jr.
Gary McGoffin, and Steven Gerald Durio, Lafayette, for Elizabeth Bourque Preis in No. 93-569.
*1351 Gary McGoffin, Steven Gerald Durio, and Anthony Fazzio, Lafayette, for Elizabeth Bourque Preis in No. 93-570.
Before DOUCET and KNOLL, JJ., and CULPEPPER[*], J. Pro Tem.
KNOLL, Judge.
This is a consolidated appeal in a matrimonial case involving the dissolution of the marriage of Edwin G. Preis, Jr. and Elizabeth Bourque Preis. At issue on appeal are three separate judgments which determined various aspects of post-divorce alimony and child support, and the procedure involved in the severance of Mrs. Preis's original petition for separation from her incidental demands. Although we will treat all the issues in this appellate opinion, we will render a separate judgment in the consolidated case, Elizabeth Bourque Preis v. Edwin G. Preis, Jr., Number 93-570 of the docket of this court.
In his assignments of error, Mr. Preis contends that the trial court erred in: (1) awarding Mrs. Preis post-divorce alimony which maintains her in the style to which she was accustomed to live prior to her divorce; (2) determining the income tax liability attributable to the post-divorce alimony by not calculating the actual tax liability attributable to the post-divorce alimony award; (3) in allocating one-half of Mrs. Preis's monthly apartment rental and the entire costs of the car note, utilities and telephone expenses in its determination of alimony; (4) finding Mrs. Preis in necessitous circumstances and awarding post-divorce alimony; (5) deviating from the child support guidelines when their combined gross monthly income exceeds the child support schedule; (6) not including Mrs. Preis's post-divorce alimony and monthly payments on the sale of the parties' former residence as income for purposes of the allocation of child support obligations between the parents; (7) awarding extraordinary child support expenses for uninsured medical expenses and automobile insurance for the two minor children without an evidentiary basis; and, (8) failing to consider Mrs. Preis's monthly income of $956.68 derived from the sale of their former residence as a change in circumstances sufficient to justify a decrease in post-divorce alimony. Mrs. Preis answered the appeal, arguing that the trial court erred in utilizing a lower gross monthly income figure to determine Mr. Preis's child support obligation.
Mrs. Preis also filed a separate appeal, contending that the trial court erred in Mr. Preis's motion to sever her petition for separation from other pending matters and to have the separation petition heard since Mr. Preis admitted the allegations of the petition.
For the following reasons, we reverse the trial court's award of post-divorce alimony and remand to the trial court for a redetermination of its child support award.

FACTS
Initially, the Preises each filed petitions for separation on October 17, 1990, coupled with incidental actions. Mrs. Preis alleged mental cruelty and Mr. Preis's abandonment; he alleged cruel treatment. On November 26, 1991, Mr. Preis amended his answer and admitted the allegations of Mrs. Preis's petition for separation. On December 7, 1991, Mrs. Preis amended her separation petition to include a prayer for divorce.
On December 9, 1991, Mrs. Preis filed a separate divorce action premised on their physical separation in excess of one year. On December 9, 1991, the trial court granted Mr. Preis's motion to sever Mrs. Preis's petition for separation from the other pending matters delineated in the petition, and to have the petition set for hearing as an uncontested matter. On December 13, 1991, the trial court granted Mrs. Preis's petition for separation. By judgment dated December 16, 1991, Mrs. Preis was further granted a divorce from Mr. Preis.
The trial court heard Mrs. Preis's request for post-divorce alimony on January 22, 1992, and by judgment dated February 14, 1992, awarded her post-divorce alimony in the amount of $689.24 per month.
*1352 On July 31, 1992, Mr. Preis filed a motion to terminate alimony. Mrs. Preis answered and reconvened for an increase in monthly post-divorce alimony. On September 30, 1992, Mr. Preis filed a motion to reduce child support; Mrs. Preis reconvened seeking an increase in child support. After a hearing on the issues of post-divorce alimony and child support, the trial court maintained post-divorce alimony at $689.24 and reduced child support from $6,449.74 per month to $3,180.09 per month.
These appeals followed.

POST-DIVORCE ALIMONY
Mr. Preis contends that the trial court abused its discretion in awarding Mrs. Preis post-divorce alimony in the amount of $689.24. Initially, he argues that the trial court erred in finding Mrs. Preis proved that she did not have sufficient means for support and, alternatively, that it erred in awarding too much post-divorce alimony.
LSA-C.C. Art. 112 provides in pertinent part:
"A. (1) When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income ...
(2) In determining the entitlement and amount of alimony after divorce, the court shall consider:
(a) The income, means, and assets of the spouses;
(b) The liquidity of such assets;
(c) The financial obligations of the spouses, including their earning capacity;
(d) The effect of custody of children of the marriage upon the spouse's earning capacity;
(e) The time necessary for the recipient to acquire appropriate education, training, or employment;
(f) The health and age of the parties and their obligations to support or care for dependent children; and
(g) Any other circumstances that the court deems relevant.
(3) In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances."
LSA-C.C. Art. 112 requires that a spouse must be without sufficient means for maintenance in order to be eligible for alimony after divorce. The issue becomes whether Mrs. Preis's means provide sufficient maintenance within our jurisprudential definition. Maintenance includes food, shelter and clothing, and also reasonable and necessary expenditures for an automobile or other transportation, utilities, medical and drug expenses, household expenses and the income tax liability generated by the alimony payments made to the former spouse. Moreau v. Moreau, 553 So.2d 1064 (La.App. 3 Cir. 1989). The claimant spouse seeking postdivorce alimony has the burden of establishing his or her necessitous circumstances. Frederic v. Frederic, 302 So.2d 903 (La.1974). A trial court's determination of post-divorce alimony will not be disturbed on appeal unless its ruling is manifestly erroneous. Slayter v. Slayter, 576 So.2d 1121 (La.App. 3 Cir.1991).
A spouse who is working full time for a respectable salary who has no unusual expenses or obligations is not in necessitous circumstances so as to justify an award of post-divorce alimony. Harlow v. Harlow, 471 So.2d 895 (La.App. 2 Cir.1985); Dugas v. Dugas, 428 So.2d 1059 (La.App. 1 Cir.1983); Heck v. Heck, 417 So.2d 31 (La.App. 1 Cir. 1982); Silas v. Silas, 399 So.2d 779 (La.App. 3 Cir.), writ denied, 404 So.2d 278 (La.1981).[1]
Mrs. Preis's affidavit reflects that her gross monthly income as a school teacher is $1,869.24. After her monthly payroll deductions are subtracted, her net monthly income is $1,366.60. Considering the body of jurisprudence referred to hereinabove, it is clear *1353 that Mrs. Preis is not in necessitous circumstances since she is employed as a full-time school teacher at a respectable salary. Accordingly, the sole issue before us is whether Mrs. Preis has unusual or major obligations for the necessities of life as broadly defined in the jurisprudence. Of necessity, as these circumstances can vary ad infinitum as the particular needs of particular individuals vary, we judge this issue on a case by case approach. However, we will not entertain needs that will support a divorced spouse in a manner to which he/she was accustomed, as this is not the goal for the award of postdivorce alimony. This award is compensation to a divorced spouse free of fault for the necessities of life. Our jurisprudence firmly establishes that post-divorce alimony is in the nature of a pension since there is no obligation to support a dissolved marriage.
Mr. Preis asserts that the trial court's allocation of $433 and $533, respectively, for Mrs. Preis's clothing and transportation expenses maintains Mrs. Preis in a standard of living which she held prior to her divorce. In awarding Mrs. Preis post-divorce alimony, the trial court considered these items of clothing and transportation expenses. The record does not reflect what amount Mrs. Preis spent for clothing and transportation while she was married to Mr. Preis, so we cannot say that these amounts maintain Mrs. Preis in a standard of living to which she was accustomed while married to Mr. Preis, but we do find these expenses out of range for the necessities of life standard. On an annual basis, the clothing expense listed comes to $5,196 and the listed transportation expense comes to $6,396. These amounts added to her net annual income is $27,984. Post-divorce alimony under these circumstances is not warranted as this would be giving an inflated meaning to the necessities of life which is not the purpose for this award.
We reiterate that the test for expenses for purposes of post-divorce alimony is their reasonableness and necessity under LSA-C.C. Art. 112. Guillory v. Guillory, 490 So.2d 758 (La.App. 3 Cir.1986). In that regard, without need for elaboration, it is clear that a monthly clothing expense of $433.40 does not meet the reasonableness test for clothing. In a similar vein, we find the trial court's adoption of a monthly transportation expense of $533.58 out of line with the dictates of Art. 112 and its interpretive jurisprudence. As observed in Aucoin v. Aucoin, 488 So.2d 366, 367 (La.App. 3 Cir.1986), an automobile "expense [which] alone amounts to almost onehalf of [the claimant spouse's] income after taxes ... is an unreasonable expense." See also, Guillory, supra. In the present case, Mrs. Preis testified that she purchased a Mazada Navaho truck for $18,000; she financed the total purchase and was paying a monthly note of $443.51. Despite Mrs. Preis's allocation of only $233.48 in her affidavit, the trial court increased her transportation allotment to $533.58, approximately 40% of her net monthly income. A transportation expense of this magnitude simply does not meet the tests of reasonableness and necessity for purposes of the determination of a claimant spouse's entitlement to postdivorce alimony.
Mr. Preis next contends that the trial court overstepped its bounds when it concluded, contrary to Mrs. Preis's testimony, that she was entitled to one-half of the amounts projected in her affidavit for monthly rental payments on her home, and all of her car note, utilities, and telephone expenses. We agree.
In her testimony, Mrs. Preis stated that she calculated the total expenses she and her three daughters spent for these items during the five months prior to the hearing; she then averaged these expenses for the five months and further divided them by four, a portion for her and for each of her three daughters. After carefully reviewing the record, we find no evidentiary basis which would have supported the trial court's increase of these proportions contrary to Mrs. Preis's testimony.
Thus, we find the following expenses attributable to Mrs. Preis: Household$375;[2] *1354 Food$275; Clothing$222; Transportation$233; Medical$70; Utilities and Telephone$68. These monthly expenses total $1,243 and are well within Mrs. Preis's monthly net income.
Moreover, in Mr. Preis's later motion to reduce his monthly post-divorce obligation, he argued that Mrs. Preis now had an additional monthly income of $956.68 from the sale of their former residence which would continue until July 1994. This monthly payment materialized well after the trial court's initial determination of Mrs. Preis's entitlement to post-divorce alimony. With regard to that argument the trial court stated:
"Although the mortgage note payment that Mrs. Preis receives each month is a liquid asset to be considered by this Court, this amount is offset by the same liquid asset received by Mr. Preis each month. Since this Court finds that there was no substantial decrease in the income of Mr. Preis, the permanent alimony as previously awarded should remain."
We first note that the trial court erred when it determined that it did not have to consider this as Mrs. Preis's income since it was offset by a like amount of increase in Mr. Preis's income. The jurisprudence has long recognized that Mr. Preis's income was irrelevant to a determination of whether Mrs. Preis was in necessitous circumstances. Kean v. Kean, 388 So.2d 398 (La.App. 1st Cir.1980).
LSA-C.C. Art. 112 directs the trial court to consider the liquidity of a spouse's assets in determining the entitlement and amount of alimony after divorce. Since we find that Mrs. Preis is not entitled to post-divorce alimony, we will not go into a discussion on the issue raised by Mr. Preis that this monthly payment of $956.68 Mrs. Preis will receive until July 1994, amounted to a change in circumstances since the trial court's initial determination. Our treatment of post-divorce alimony has rendered this issue moot.
Therefore, for the above and foregoing reasons, we find that Mrs. Preis failed to prove that she was in necessitous circumstances, and that the trial court abused its discretion in awarding Mrs. Preis post-divorce alimony.

CHILD SUPPORTGUIDELINES NOT APPLICABLE
Mr. Preis next contends that although the trial court properly reduced his child support obligation, its award was not supported by the evidence. He argues that since the parties' joint incomes greatly exceeded the maximum provided in the child support guidelines, it was improper for the trial court to simply extrapolate from the child support guidelines without either having an evidentiary basis for its award or stating its reasons for its choice. He further argues that the record of this hearing on his motion to reduce child support is void of testimony explaining the monthly items which would comprise the children's monthly budgeted needs and any extraordinary child support expenses.
A party seeking a modification of a child support award must show a change in circumstances between the time of the previous award and the time of the motion for modification. LSA-R.S. 9:311(A). Modification of child support must be founded on a substantial change in circumstances of either the parent or child between the time of the previous award and the time of the motion for modification. Barto v. Barto, 618 So.2d 613 (La.App. 2 Cir.1993). Once the obligor spouse proves a change in circumstances, he is presumed to be entitled to a reduction in his support obligation. The burden then shifts to the party opposing the reduction to either disprove the change or otherwise overcome the presumption that the obligor is entitled to a reduction by proving that the change was caused by the obligor's own voluntary actions or by proving other facts mitigating against the reduction. McHale v. McHale, 612 So.2d 969 (La.App. 2 Cir.1993).
A thumbnail sketch of the history of Mr. Preis's child support obligation for his *1355 three adolescent daughters follows. In February of 1991, the trial court, referencing the parties' incomes and apparently extrapolating from the child support guidelines, ordered Mr. Preis to pay $6,736.68 per month for the support of his three adolescent daughters. In June of 1991 Mr. Preis filed a motion to reduce this award on the basis of a reduction of his income. The trial court denied Mr. Preis's motion, and this court affirmed the trial court's judgment on appeal. Preis v. Preis, 610 So.2d 163 (La.App. 3 Cir.), writ denied, 612 So.2d 103 (La.1992).
Subsequently, at various times, Mr. Preis's child support obligation was modified to accommodate a decrease in the children's health insurance and extraordinary expenses so that ultimately Mr. Preis's monthly child support was lowered to $6,449.74. On September 30, 1992, Mr. Preis sought a reduction in child support payments, basing his motion on: (1) his oldest daughter's attainment of the age of majority; (2) an increase in Mrs. Preis's salary; and, (3) a substantial reduction in his income.
After conducting a hearing on November 2, 1992, the trial court determined that a change of circumstances occurred when Mr. Preis's oldest daughter reached the age of 18. Since the parties' monthly income was $15,300, an amount in excess of the maximum provided in the guidelines, the trial court referenced the $10,000 maximum income provided in the guidelines for two children; to that amount it added the award provided in the guidelines for a monthly income of $5,300. After providing for $100 extraordinary monthly medical expenses, the trial court determined that Mr. Preis's child support obligation for his two teenage daughters was $3,180.09 per month.
Mrs. Preis does not dispute that the trial court properly determined that there was a change in circumstances when Mr. Preis's daughter reached the age of 18. Instead, in her answer to the appeal, Mrs. Preis asserts that in redetermining child support, the trial court improperly used Mr. Preis's lower monthly salary without consideration of his upcoming yearly bonus.
Mr. Preis argues that once the trial court determined that there was a change in circumstances, the burden was upon Mrs. Preis to establish the needs of the remaining two adolescent daughters so that the trial court could recalculate the parties' child support obligation. In opposition, Mrs. Preis asserts that the guidelines relied upon by the trial court establish the proper child support obligation, and further argues that if proof of the children's needs was required, it was proper for the trial court to consider the evidence of the circumstances and the needs of the children which was adduced in the seven prior hearings involving these parties.
The arguments of the parties present us with an opportunity to reflect on the child support guidelines and their application to the adjudication of child support obligations for those parties whose monthly salaries exceed the maximum amount stated in the guidelines.
LSA-R.S. 9:315.10(B) provides:
"If the combined adjusted gross income of the parties exceeds the highest level specified in the schedule contained in R.S. 9:315.14, the court shall use its discretion in setting the amount of the basic child support obligation, but in no event shall it be less than the highest amount set forth in the schedule."
Under the clear provisions of LSA-R.S. 9:315.10(B), the trial court has discretion in setting the amount of child support when the combined adjusted gross income of the parties exceeds the highest figure provided in the schedule, and its judgment in such matters will not be disturbed in the absence of a showing of an abuse of that discretion. Aguilar v. Wilson, 613 So.2d 228 (La.App. 1st Cir.1992), writ denied, 614 So.2d 66 (La. 1993).
Mr. Preis argues that in order for the trial court to award monthly child support of $3,180.09 for his two adolescent daughters' support, it was necessary for the trial court to give explicit, detailed reasons for its decision.
We recently addressed the trial court's obligation to give reasons for deviating from the guidelines in a case in which the combined gross income of the parties exceeded *1356 the guideline schedule, and resolved this issue contrary to Mr. Preis's assertion.
In Krampe v. Krampe, 625 So.2d 383, 387 (La.App. 3rd Cir.1993), writ denied, 630 So.2d 781 (La.1994), we stated:
"Our research has turned up only one case in which an appellate court has held that a trial court was required to issue oral or written reasons for its choice of an award of child support when the parents' income exceeded the highest amount in R.S. 9:315.14. In Aguilar v. Wilson, 607 So.2d 837 (La.App. 1st Cir.1992), the First Circuit held that the trial court was required to render oral or written reasons if it awarded child support in an instance where the parents' incomes exceeded the guideline maximum. We decline to follow Aguilar.

R.S. 9:315.1(B) applies where the guidelines specify a particular award and the trial court chooses not to follow the requirement of the guideline. In the present case, the only applicable requirement of the guidelines that the trial court was obligated to meet was that it not award `less than the highest amount set forth in the schedule.' LSA-R.S. 9:315.10(B). Since the trial court awarded more than the highest amount of the schedule, we are not faced with a question of the trial court's deviation from the schedule. Accordingly, we do not find the trial court was required to render detailed reasons such as that referred to in Aguilar.

Rather, we find that our task on appellate review in this instance is to determine whether the trial court abused its discretion. LSA-R.S. 9:315.10(B)."
Finding our determination in Krampe dispositive of Mr. Preis's argument relative to the need for reasons of the trial court in the analysis of child support, we now turn to the question of whether the trial court abused its discretion in the present case.
After carefully reviewing the record, it is clear that the trial court based its award of child support on the incomes of the parties and computed it by simply adding together the guideline's calculated awards for $10,000 and $5,300 monthly income, a figure which equalled the parties' combined monthly incomes. We find this clear error and disagree with Aguilar, supra, that this is an acceptable method for calculating child support awards for parents whose incomes exceed the guideline's maximum provision. It is clear to us that the Legislature was concerned for the support of children whose parents' adjusted gross income did not exceed $10,000, and thus enacted the child support guidelines. For children whose parents' adjusted gross income exceeds the highest level specified in the guidelines, presently $10,000, "the court shall use its discretion ... but in no event shall it be less than the highest amount set forth in the schedule." The support for a child or children of a more affluent lifestyle, as in this case, is a concern for the courts to address on a case by case method. We find by simply extrapolating from the guidelines without concern and discretion by the court in balancing the needs and lifestyle of the child or children, could lead to excessive child support awards.
We further note the trial court's procedure of extrapolating from the guidelines was incorrect because it is based on an incorrect assumption. The child support figures provided in the guidelines reflect that a lower percentage of income is spent as the parents' income increase. Referring to the figures advanced in the guidelines, it is evident from the guidelines that a greater percentage of income is spent on child support at a monthly income of $5,300 (approximately 21%) than is spent at a monthly income of $10,000 (approximately 16%). Thus, in the case sub judice, when the trial court used the computation for $5,300 as the amount to be added to the guideline maximum, it premised its child support choice on an incorrect assumption.
After carefully reviewing the record of the hearing on the motion to reduce child support, of further importance we note that once the trial court determined that a reduction was in order, we do not find that Mrs. Preis offered evidence of the needs and lifestyles of her two remaining daughters. Child support was fixed by simply extrapolating from the guidelines without consideration of the needs and lifestyle of the children. We do not find *1357 it proper for Mrs. Preis simply to have relied on the fact that the needs of her children may have been discussed in earlier hearings and that the trial court could properly assume that those needs had not changed. In making this determination, we point out that at the prior determinations of child support, beginning in February of 1991, the trial court determined needs based in globo on three adolescent daughters who varied in age from 12 to 16. There is no assumption in law that the needs of each of these children are equal. Therefore we further find that the trial court abused its discretion in awarding monthly child support of $3,180.09 without an evidentiary basis for its determination.
At this juncture, we find it important and necessary to compare our ruling in Krampe, supra. In Krampe, the trial court did not use an extrapolation method for the determination of child support. There we determined that the trial court's award of an amount of child support in excess of the guidelines was not an abuse of discretion. In that case Id. at page 386, we stated:
"Parents have an obligation to support, maintain, and educate their children and should maintain their children in the same status as if the parents were not separated or divorced; this support shall be granted in proportion to the needs of the child and the circumstances of the parent who is to pay.
Edward's monthly income unquestionably provides him with the financial ability to respond to Marc's needs. However, after a careful review of the evidence relating to Marc's needs, we conclude that the trial court did not abuse its discretion...."
Unlike Krampe, we do not have evidence of the current needs of the Preises' two adolescent daughters which would justify the trial court's award of child support.
Accordingly, we reverse the trial court's award of child support and find that this case must be remanded to the trial court for the presentation of additional evidence regarding the needs of Mrs. Preis's two daughters. Furthermore, since more than one year has passed since this matter was heard, it will also be appropriate for the trial court to take further evidence of the parties' abilities to pay child support.
Notwithstanding our reversal of the child support order, we have determined that it is necessary for us to suspend our judgment in this regard until the trial court redetermines child support in accordance with our instructions herein. "Our substantive law abhors a gap in the support of one in need...." Hogan v. Hogan, 549 So.2d 267 (La.1989). Therefore we will suspend our judgment in this instance, to avoid a gap in the support of the Preis children. Accordingly, we order Mr. Preis to continue his child support payments of $3,180.09 per month until further orders of the trial court.
Since we have determined that a remand of this case is necessary on this issue, we do not find it necessary to address Mrs. Preis's answer to the appeal or the other arguments presented by the Preises concerning child support.

MRS. PREIS'S APPEAL: SEVERANCE ORDER
Mrs. Preis perfected an appeal from the judgment of the trial court which granted Mr. Preis's motion to sever Mrs. Preis's incidental demands from her original petition for a legal separation. For the following reasons, we dismiss this appeal.
On December 9, 1991, the trial court heard oral argument on Mr. Preis's motion to sever Mrs. Preis's main demand for a legal separation from incidental demands filed therewith. In the course of argument, Mrs. Preis orally moved to dismiss her original demand for a legal separation and proffered a new petition for divorce based on living separate and apart. The trial court refused to grant Mrs. Preis's oral motion for a voluntary dismissal with prejudice, and granted the motion to sever. The trial court then heard the evidence on Mrs. Preis's petition for separation and granted judgment in her favor. The trial court signed one judgment which granted Mr. Preis's motion to sever and, in a separate judgment, granted Mrs. Preis's legal separation. Mrs. Preis only appealed the judgment which granted the severance.
*1358 LSA-C.C.P. Art. 2083 provides that only final judgments or interlocutory judgments which may cause irreparable injury are appealable. A final judgment is one "that determines the merits in whole or in part." LSA-C.C.P. Art. 1841. Though not necessarily the last judgment in a case, it is a ruling that addresses and adjudicates a real controversy between the parties. Oliphint v. Oliphint, 219 La. 781, 54 So.2d 18 (1951).
The judgment before us simply severs the incidental demands from Mrs. Preis's main demand for a legal separation. In no way does it adjudicate the merits of the separation action; it merely determines the procedural order in which the various demands were to be heard. Accordingly, the judgment is clearly interlocutory and there has been no showing of irreparable injury.
In making this determination, we note that Mrs. Preis did not appeal the judgment which granted her a legal separation. If she had appealed this judgment, appellate review of otherwise unappealable interlocutory judgments would have been permitted since they form part of an unrestricted appeal from a final judgment. See, Core v. Winn-Dixie of Louisiana, Inc., All So.2d 240, fn. 3 (La.App. 1st Cir.1985), writ denied, 476 So.2d 353 (1985). Moreover, since she has not appealed the judgment of separation, it is a final judgment; thus, even if we had found the interlocutory judgment incorrectly granted, our ruling would have been moot since the separation judgment would have nullified any relief we could have granted.
For the foregoing reasons, the judgment of the trial court awarding Mrs. Preis postdivorce alimony is hereby reversed and set aside. It is further ordered, adjudged and decreed that the trial court's judgment which ordered Mr. Preis to pay child support for his two daughters is hereby reversed and remanded for the taking of additional evidence in accordance with the views expressed herein. However, we hereby suspend our reversal of the child support judgment and Mr. Preis is hereby ordered to continue child support payments of $3,180.09 per month until the trial court has conducted an evidentiary hearing for the redetermination of child support and orders otherwise. Costs of these appeals are assessed to Mrs. Preis.
REVERSED, RENDERED, AND REMANDED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] In Harlow, the plaintiff had a salary of $1,500 per month. In Dugas, plaintiff's salary was over $1,652 per month. In Heck, the plaintiff's salary was over $1,165 per month, and in Silas, plaintiff's salary was $1,000 per month.
[2] Although we have used the same household expense figure as the trial court, a figure which corresponds to one-half of the monthly rent, we note that Mrs. Preis's estimation was $425.18; her estimation encompassed the monthly rent as well as other household expenses. Our allocation includes her one-quarter allocation of rent and makes provisions for other recurring monthly household expenses.