756 So.2d 639 (2000)
Frederick CARR, Defendant-Appellant,
v.
Eva S. CARR, Plaintiff-Appellee.
No. 33,167-CA.
Court of Appeal of Louisiana, Second Circuit.
April 5, 2000.
*641 Robert C. Johnson, Monroe, Counsel for Defendant-Appellant.
Harold Wayne Aswell, Farmerville, Counsel for Plaintiff-Appellee.
Before NORRIS, C.J., and GASKINS and KOSTELKA, JJ.
NORRIS, Chief Judge.
Frederick Carr appeals a post divorce alimony award and a finding that he was not free from fault in the breakup of the marriage. We affirm.

Facts
Eva and Frederick Carr were married July 3, 1973; two children were born of the marriage, Frederick, Jr. and Alecia, both majors at the time of their parents' divorce. Eva filed for divorce on grounds of living separate and apart for more than six months and that Frederick lived in open concubinage during the separation. Eva also filed for alimony pendente lite; the judgment on the rule ordered Frederick to pay Eva $750 per month. A judgment of divorce was rendered June 6, 1996 and signed July 3, 1996 based on the couple living separate and apart for six months without reconciliation. A hearing on post divorce alimony was also held on June 6, 1996, and though it was continued no subsequent hearing was held. The trial judge issued reasons for ruling on January 27, 1999 and a judgment on June 3, 1999, granting Eva post divorce alimony, retroactive to July 3, 1996, in the amount of $500 a month until a $569 note to First United Bank was paid, at which time the post divorce alimony would be reduced to $150; post divorce alimony was terminated effective May 22, 1998, the date of Eva's remarriage. Frederick has appealed the judgment granting Eva post divorce alimony. Specifically, he argues that the trial court was clearly wrong in finding him at fault and thus he cannot be liable for post divorce alimony. He also argues that Eva was not in necessitous circumstances.

Law and Analysis
A court may grant a spouse permanent periodic alimony when that spouse has not been at fault and does not possess sufficient means for support. La. C.C. art. 112;[1]Faltynowicz v. Faltynowicz, 30,605 (La.App.2d Cir.6/24/98), 715 So.2d *642 90. "Fault" for the purposes of post divorce alimony preclusion includes adultery; conviction of a felony; habitual intemperance or excesses, cruel treatment, or out-rages; public defamation; abandonment; an attempt on the other's life; status as a fugitive; and intentional non-support. Goodnight v. Goodnight, 98-1892 (La.App. 3d Cir.5/5/99), 735 So.2d 809; Mayes v. Mayes, 98-2228 (La.App. 1st Cir.11/5/99), 743 So.2d 1257. To constitute fault, the misconduct must not only be of a serious nature, but also be an independent contributing or proximate cause of the separation. Mayes v. Mayes, supra. A spouse seeking post divorce alimony has the burden of proving that he or she is without fault. Goodnight v. Goodnight, supra.
Fault is a factual finding which will not be disturbed on appeal unless manifestly erroneous. Goodnight v. Goodnight, supra; Mayes v. Mayes, supra. Even though an appellate court may feel its own evaluations are more reasonable than the factfinder's, reasonable evaluations of credibility should not be disturbed where conflict exists in the testimony. Stobart v. State, 617 So.2d 880 (La.1993)
Frederick assigns as error the finding that he is at fault. The court did not find Frederick at fault; it found that Eva was not at fault. Frederick's fault is irrelevant in determinating whether Eva gets post divorce alimony. Frederick did not appeal the finding that Eva was free from fault, and thus she is entitled to post divorce alimony as a spouse who is not at fault.[2] Even if Frederick was under the impression that he was appealing Eva's lack of fault, the record shows that the trial court was not manifestly erroneous in finding that Eva was not at fault.
According to the testimony, Frederick worked off-shore for Phillips Petroleum Company for 21 years. For the first several years he worked ten days off shore and then spent ten days at home. During these times, Frederick did chores around the house, was very active in his children's lives, and a good husband. In late 1990, Frederick's job description changed; he started working regular work weeks with weekends off. During this time, Frederick's work site was in Cameron Parish and then in New Orleans. Eva and the children continued living in Farmerville; Frederick testified that he asked Eva to move south with him, but she steadfastly refused to relocate. Frederick visited most weekends, and testified that due to the mental and physical stress and strain of the travel and lack of emotional support from Eva, the two started drifting apart and he was no longer in love with her. Around Easter 1995, Frederick told Eva he was moving out of the house and stopped coming home.
Eva testified that Frederick never asked her to move with him to South Louisiana. Frederick, Jr. also testified that as far as he was aware, his father never asked his mother to move. Eva testified that she loves Frederick and when he left her she was surprised and hurt. Eva alleges that Frederick abandoned her and has refused to return despite her pleas.
In its reasons for judgment, the trial judge stated that the court found Eva's version of events more credible, a reasonable credibility determination. The trial court was not manifestly erroneous in determining that Eva's conduct was not an independent contributing or proximate cause of the separation. Mayes v. Mayes, supra. Additionally, by finding that Eva was not at fault, the trial court did not necessarily determine Frederick's fault or lack thereof. In sum, we affirm the trial court's determination that Eva was not at fault in the marital break-up.
*643 Post divorce alimony is awarded to a former spouse in need and is limited to an amount sufficient for maintenance, as opposed to continuing an accustomed style of living. Faltynowicz v. Faltynowicz, supra. Factors to consider in determining whether an ex-spouse is in need of post divorce alimony include her income, means, earning capacity, assets, the liquidity of the assets, her financial obligations, her health and age and other circumstances deemed relevant by the court. Faltynowicz v. Faltynowicz, supra. A spouse who is working full time for a respectable salary who has no unusual expenses or obligations is not in necessitous circumstances so as to justify an award of post-divorce alimony. Preis v. Preis, 93-569 (La.App. 2d Cir.2/2/94), 631 So.2d 1349; Harlow v. Harlow, 471 So.2d 895 (La.App. 2d Cir.1985); Dugas v. Dugas, 428 So.2d 1059 (La.App. 1st Cir.1983); Heck v. Heck, 417 So.2d 31 (La.App.1st Cir.1982).[3]
The claimant spouse has the burden of proving necessitous circumstances or insufficient means for his or her maintenance. Faltynowicz v. Faltynowicz, supra; Anderson v. Anderson, 98-675 (La.App. 5th Cir.3/10/99), 732 So.2d 537. An award for maintenance or basic necessities includes reasonable expenses for food, shelter, clothing, transportation, medical care, and income tax liability caused by post divorce alimony payments. Id.
The trial court is vested with great discretion in making post divorce alimony determinations and its judgment as to whether the spouse has insufficient means for support will not be disturbed absent a manifest abuse of discretion. Faltynowicz v. Faltynowicz, supra; Launey v. Launey, 98 849 (La.App. 3d Cir.12/9/98), 722 So.2d 406.
Eva testified that she had two degrees, a B.S. in P.E. and a B.A. in Medical Records. Eva worked in the medical field for a short period of time, and has since worked for the School Board as a teacher and then as a drug coordinator. Eva testified that her gross income is $1,400 per month from the School Board, about $120 per month during the school year from tutoring, and $300$400 per month from oil wells which were community property; Eva makes about $20,000 per year.
Eva stated that Frederick, Jr. resides with her; recently, Alecia and her son have also moved in. Eva testified that her expenses include a mobile home note, food and household expenses for her, her two children, and her grandchild, clothing, transportation, Alecia's student loan, Frederick, Jr.'s tuition and car note, and insurance. Alecia's student loan and Frederick, Jr.'s car note were both incurred by Eva during her marriage to Frederick, at a time when Eva was relying in part on her former husband's salary. Eva testified that the car note is in her name through her credit union and is paid by payroll deduction. Eva and Frederick, Jr. both testified that money was tight and Eva cannot pay all the bills with her income. In sum, Eva testified and the record substantiates that her expenses far exceed her monthly income.
Eva testified that Frederick makes about $89,000$90,000 per year, testimony which Frederick did not challenge. Frederick testified that he pays for an apartment in New Orleans, household expenses and about $430 a month on a Jeep note.
*644 Although Eva and Frederick are not legally responsible for their major children, they did incur expenses for them during the marriage and Frederick did not testify that he objected to any of these expenses. Additionally, at least one of these expenses was primarily Eva's responsibility due to her getting a loan from her credit union in her name. Furthermore, Eva testified and Frederick corroborated that he told her he would pay Frederick, Jr.'s insurance and help with tuition, obligations which he did not fulfill. As such, Eva has unusual expenses and obligations which she incurred with the assumption that Frederick would help meet them. The trial court did not abuse its discretion in viewing these expenses as unusual in its determination of Eva's financial situation.
In sum, the trial court was not manifestly erroneous in determining that Eva lacked sufficient means for support. Additionally, $500 per month until the car note was paid and $150 per month until the date of Eva's marriage, less than two years after the hearing, was within the trial court's discretion. We affirm the finding of entitlement to and amount of post divorce alimony.

Conclusion
We repeat that Frederick's fault is not an issue in determining whether Eva is entitled to post divorce alimony and the trial court did not err in concluding that Eva was in need of post divorce alimony for the period between the divorce and her remarriage. The judgment is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] Code articles governing spousal support, including art. 112, were amended by La. Acts 1997, No. 1078, effective January 1, 1998. The instant case arose prior to amendment.
[2] Specifically, Frederick's Assignments of Error were (1) whether the trial court erred in finding appellant guilty of marital fault which caused the break-up of appellant's marriage and subsequent divorce and (2) whether the trial court erred in granting appellee post divorce alimony.
[3] In brief, Frederick cites Veron v. Veron, 94-1351 (La App.3d Cir. 5/3/95), 657 So.2d 156 as an analogous case. Frederick, relying on the facts of that case, argued that since the Third Circuit reversed that trial court's grant of post divorce alimony we should do likewise. While the appellate court did reverse the trial court's award, we note that the Supreme Court reversed the appellate court on direct review for manifest error. Veron v. Veron, 95-2074 (La.11/17/95), 663 So.2d 726. The appellate court subsequently upheld Mrs. Veron's post divorce alimony award. Veron v. Veron, 94-1351 (La.App. 3d Cir.9/12/96), 688 So.2d 1076.