NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 08-37

MARY KATHERINE MILTON THOMPSON

VERSUS

NEIL JEROME THOMPSON

**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 33,610
HONORABLE JOHN PHILIP MAUFFRAY, JR., DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and J. David Painter, Judges.

AFFIRMED.

Donald Wilson
Gaharan & Wilson
P. O. Box 1346
Jena, LA 71342
(318) 992-2104
Counsel for Plaintiff/Appellee:
Mary Katherine Milton Thompson

David Cleveland Hesser
Attorney at Law
2820 Jackson Street
Alexandria, LA 71301
(318) 542-4102
Counsel for Defendant/Appellant:
Neil Jerome Thompson

**EZELL, JUDGE**.

In this appeal, Neil Thompson appeals the decision of the trial court reinstating final periodic spousal support in favor of his ex-wife, Mary Thompson. He claims that the trial court erred in awarding Ms. Thompson support, asserting that she is not in need thereof. For the following reasons, we affirm the decision of the trial court.

The Thompsons were divorced January 6, 2004, after 21 years of marriage. At that time, Ms. Thompson was awarded $900 per month in interim periodic support. She was later awarded final support in the amount of $750 per month.

In July of 2005, Mr. Thompson filed a motion to terminate support based on the fact that Ms. Thompson had sold the marital home, moved in with her parents, and was no longer paying for housing. The trial court suspended final support due to this fact. In 2006, Ms. Thompson purchased land and began the process of building a house for herself. She also filed the motion to reinstate final support which is the subject of this litigation.

At the hearing on the motion, Mr. Thompson stipulated that he could pay final support. After carefully examining Ms. Thompson's income and expenses, the trial court found her to have a net income of $2,550 and expenses of $2,911 per month. Additionally, the trial court noted that Ms. Thompson was driving a car without air conditioning because she could not afford to have it fixed. The trial court awarded Ms. Thompson back support in the amount of $3,739, awarded support in the amount of $600 per month from July 2007 through August 2007, and support in the amount of $500 per month beginning September 1, 2007, and continuing in that amount thereafter. From that decision, Mr. Thompson appeals.

Mr. Thompson asserts two assignments of error on appeal. He claims that the trial court erred in applying an incorrect legal standard in awarding support to a

1

spouse not in need and that the trial court erred in refusing to grant his motion for new trial.

In a proceeding for divorce or thereafter, the court may award final periodic support to a party free from fault prior to the filing of a proceeding to terminate the marriage, based on the needs of that party and the ability of the other party to pay. La.Civ.Code arts. 111, 112. Ms. Thompson was previously found by the trial court to be free from fault, and her lack of fault is not at issue here. Once freedom of fault is established, the basic tests for the amount of spousal support are the needs of that spouse and the ability of the other spouse to pay. *Id*. *Carr v. Carr*, 33,167 (La.App. 2 Cir.4/5/00), 756 So.2d 639. Because Mr. Thompson stipulated as to his ability to pay, the only remaining issue before the trial court was Ms. Thompson's need. Mr. Thompson claims that the trial court erred in finding Ms. Thompson to be in need of support. We disagree.

Mr. Thompson claims that the trial court considered expenses claimed by Ms. Thompson that are not allowed under Louisiana law, most notably a loan she had previously paid off, monthly church donations, a loan for the education of her major child, and expenses for gifts, travel, and entertainment. However, even a cursory reading of the record before this court would find these assertions to be disingenuous at best, as the trial court *specifically excluded* these items from Ms. Thompson's monthly expenses.

Moreover, after examining all of Ms. Thompson's monthly income and expenses, the trial court found her to be in need, as her expenses exceeded her income by $361. After noting that Ms. Thompson's vehicle was in need of repair, the trial court awarded her $500 per month. "The trial court is vested with great discretion in making alimony determinations, and its judgment will not be disturbed absent a

2

manifest abuse of discretion." *Goodnight v. Goodnight*, 98-1892 p. 7 (La.App. 3 Cir. 5/5/99), 735 So.2d 809, 814 (quoting *Faltynowicz v. Faltynowicz*, 30,606, p.6 (La. App. 2 Cir. 6/24/98) 715 So.2d 90, 94. We find nothing in the record to indicate the trial court's award of $500 per month in permanent alimony was an abuse of its discretion. Accordingly, we affirm the trial court's reinstatement of final support and his award of $500 per month.

Mr. Thompson next claims that the trial court erred in failing to grant his motion for new trial, claiming that the judgment rendered was clearly contrary to law and was a "gross miscarriage of justice." As above, we disagree with Mr. Thompson.

A trial court is accorded vast discretion in deciding whether to grant a motion for new trial, and its decision whether to do so is reviewed pursuant to the abuse of discretion standard of review. *Davis v. Coregis Ins. Co.*, 00-475 (La.App. 3 Cir. 12/27/00), 789 So.2d 7, *writ denied*, 01-0292 (La.3/30/01), 788 So.2d 1192. Because we have concluded that the trial court's determination is reasonable in light of the evidence presented, we can not find that the ruling was a "gross miscarriage of justice" or an abuse of discretion. Therefore, Mr. Thompson's argument that the trial court erred in denying his motion for new trial is without merit.

For the above reasons, we hereby affirm the decision of the trial court. Costs of this appeal are assessed against Mr. Thompson.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3 Uniform Rules, Court of Appeals.