WILLIAMS, J.
LThe plaintiff, Michael Stuart Varnell, appeals a trial court’s award of $475 per month in permanent periodic spousal support to his former spouse, Cynthia Denise Thomas Varnell. For the following reasons, we reverse the trial court’s judgment and remand this matter for further proceedings.
FACTS
Michael Stuart Varnell (“Michael”) and Cynthia Denise Thomas Varnell (“Cynthia”) were married on September 16, 1978.[1] In late June or early July 2013, Cynthia was diagnosed with breast cancer and subsequently underwent a double mastectomy, chemotherapy and radiation. Michael continued in the marriage during Cynthia’s recovery from surgery and cancer treatments. Cynthia completed her last chemotherapy treatment on August 20, 2014; Michael left the matrimonial domicile on September 20, 2014. He filed a petition for divorce on March 24, 2015. Cynthia did not file a responsive pleading and a judgment of divorce was granted on April 28,2015.
Subsequently, on June 11, 2015, Cynthia filed a petition for spousal support, use of community property and partition of community property. She alleged that she was not at fault for the breakup of the marriage and Michael’s monthly income was twice the amount of hers. She sought spousal support “in the amount of not less than [$750] per month[.]” Michael responded to the petition, asserting, inter alia, that Cynthia was not entitled to permanent spousal support because she was not free from fault in the breakup of the marriage,
*645 |2The trial commenced on October 13, 2015. Cynthia was the first witness called to testify. She was questioned by her counsel and the trial court. During the cross-examination, Michael’s counsel asked the following question: “Isn’t it true that you told Mr. Varnell that you did not love him and hadn’t loved him for probably ten years?” Cynthia’s attorney objected, arguing that the question had not been raised in the parties’ interrogatories; therefore, he had not prepared Cynthia to respond to that line of questioning. The court ordered a recess and met with the parties’ counsel in chambers. Thereafter, the trial reconvened, and the trial court continued the trial to allow Michael’s counsel an opportunity to file “any amended answers to interrogatories.” The court stated, “I am interested in hearing all the evidence that’s applied to the case where I can make an appropriate decision.”
The hearing reconvened on January 7, 2016. After calling the court to order, the trial court stated:
[Tjhe Court has already heard testimony about the situation involving the separation. The Court has also reviewed the additional discovery that [wjas propounded and the answers[.j [Tjhe Court has allowed counsel to tell the Court what would be put forth if we had testimony here, and I informed counsel that ... it was the Court’s opinion, based on what I’ve heard and what I’ve seen and what I’ve been told, that Court would rule that Ms. Varnell was not at fault in causing the separation as far as the law’s concerned.
* * *
So, where we are now is, uh, talking about money. Okay. How much, uh, support should be, uh, paid and for what period of time. [Tjhe Court feels that in this particular case, it would be appropriate to recess for thirty minutes and allow counsel and the parties to talk, uh, to see if some arrangements, agreements can be made with respect to the money.
⅜ ⅜ ⅜
| s[T]he Court is not inclined to tell people they can’t have their say, but in this particular case, there’s not anything else that could be said that hadn’t already been said, or, I haven’t already read or been told. So, uh, having further testimony, uh, involving children and stuff like that in the testimony, I don’t think that’s gonna help anything at all and it wouldn’t change my mind, so, uh, that’s why I’m taking these steps that I’ve taken today.
[[Image here]]
So, Court will be in recess to allow the counsel to conferf.]
The parties were unable to reach an agreement with regard to the amount of spousal support. Therefore, the trial court allowed the parties to introduce into evidence their respective affidavits of income and expenses. The court then took the matter under advisement and instructed counsel to provide the court with memo-randa, in letter form, setting forth their arguments as to the appropriate amount of spousal support.
Subsequently, the trial court signed a judgment, concluding that Cynthia was not at fault in the breakup of the marriage and ordering Michael to pay $475 per month in permanent spousal support, retroactive to the date of filing. The court also found that Michael owed $4,512.50 in past due spousal support and ordered him to pay that amount “at the rate of $100 per month at the same time the monthly payment of $475.00 is paid[.j”
Michael appeals.
*646 DISCUSSION
Michael contends the trial court erred in refusing to allow him to testify, call witnesses and introduce evidence into the record with regard to the issue of fault. He argues that the only testimony received during the trial was the “one-sided” testimony of Cynthia.
14In a proceeding for divorce or thereafter, the court may award final periodic support to a party who is in need of support and who is free from fault prior to the filing of a proceeding to terminate the marriage. LSA-C.C. art. 111. Fault is a threshold issue in a claim for spousal support. Stowe v. Stowe, 49,596 (La.App. 2d Cir. 3/4/15), 162 So.3d 638; King v. King, 48,881 (La.App. 2d Cir. 2/26/14), 136 So.3d 941. The word “fault” contemplates conduct or substantial acts of commission or omission by a spouse violative of his or her marital duties and responsibilities. King, supra. A spouse seeking final periodic spousal support must be without fault and the burden of proof is on the claimant. Stowe, supra; King, supra.
Domestic relations issues, such as the determination of entitlement to spousal support, largely turn on evaluations of witness credibility. King, supra; Hunter v. Hunter, 44,703 (La.App. 2d Cir. 9/30/09), 21 So.3d 1032. The fact finder has the discretion to accept or reject, in whole or in part, the testimony of any witness. Id. The trial court’s finding of fact on the issue of fault will not be disturbed unless it is manifestly erroneous or clearly wrong. Hunter, supra; Carr v. Carr, 33,167 (La. App. 2d Cir. 4/5/00), 756 So.2d 639.
The due process clauses of the Fourteenth Amendment to the United States Constitution and the Louisiana Constitution guarantee litigants a right to a fair hearing. Smith v. Smith, 44,663 (La.App. 2d Cir. 8/19/09), 16 So.3d 643; Goodwin v. Goodwin, 618 So.2d 579 (La.App. 2d Cir. 1993), writ denied, 623 So.2d 1340 (La. 1993). LSA-Const. Art. I, § 22 provides:
All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality or unreasonable delay, for injury to him in his person, property, reputation or other rights.
1rLSA-C.C.P. art. 1631 provides:
The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done.
LSA-C.C.P. art. 1632 provides, in pertinent part:
The normal order of trial shall be as follows:
(1) The opening statements by the plaintiff and the defendant, in that order;
(2) The presentation of the evidence of the plaintiff and of the defendant, in that order;
(3) The presentation of the evidence of the plaintiff in rebuttal; and
(4) The argument of the plaintiff, of the defendant, and of the plaintiff in rebuttal, in that order.
This order may be varied by the court when circumstances so justify.
[[Image here]]
In the instant case, the primary thrust of Michael’s argument is that the trial court committed reversible error in rendering a judgment without allowing him to introduce evidence to contradict or refute Cynthia’s testimony. We agree. As stated above, Cynthia, as the spouse seeking final periodic spousal support, had the burden of proving that she was without fault in the breakup of the marriage. She was allowed to testify in response to ques *647 tions posed by her counsel and the trial court.
However, as stated above, the trial court did now allow Michael, or any other witnesses, the opportunity to testify, stating:
[T]he Court has allowed counsel to tell the Court what would be put forth if we had testimony here, and I informed counsel that ... it was the Court’s opinion, based on what I’ve heard and what I’ve seen and what I’ve been told, that Court would rule that Ms. Varnell was not at fault in causing the separation as far as the law’s concerned.
| fiThe above comments indicate that the trial court arrived at its decision after hearing only Cynthia’s testimony with regard to the issue of fault. Michael was not allowed to fully cross-examine Cynthia, nor was he allowed to controvert her testimony by testifying on his own behalf and/or calling witnesses. Further, the trial court did not have the opportunity to weigh the credibility of any -witness other than Cynthia. Thus, we find that Michael was deprived of a fair and impartial trial, in that the trial court impermissibly prevented him from testifying and calling witnesses. Accordingly, we reverse the trial court’s judgment and remand this matter to the trial court for further proceedings.
CONCLUSION
For the reasons set forth herein, the trial court’s judgment, ordering permanent periodic spousal support to Cynthia Denise Thomas Varnell, is hereby reversed, and this matter is remanded to the trial court for further proceedings. Costs of the appeal are assessed to Cynthia Denise Thomas Varnell.
REVERSED AND REMANDED.
DREW, J., concurs with written reasons.

. Two children were born of the marriage. Both children had reached the age of majority by the time the petition for divorce was filed.