Judgment rendered November 16, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,775-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CHELSEA POSEY GRISSOM                    Plaintiff-Appellee

versus

HARRY LEONARD GRISSOM, JR.               Defendant-Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 627,259

Honorable Brady D. O'Callaghan, Judge

* * * * *

KAMMER & HUCKABAY, LTD APLC          Counsel for Appellant
By:  Charles H. Kammer, III

KENNETH R. ANTEE, JR., APLC          Counsel for Appellee
By:  Kenneth R. Antee, Jr.

* * * * *

Before MOORE, COX, and HUNTER, JJ.

**COX, J.**

This civil appeal arises from a divorce proceeding and the trial court's ruling awarding final periodic spousal support owed by Harry Leonard Grissom ("Harry") to his former wife, Chelsea Posey Grissom ("Chelsea"). For the following reasons, we affirm the trial court's judgment.

**FACTS**

Harry Grissom and Chelsea Grissom were married on November 6, 2006. On November 20, 2020, Chelsea filed a petition for an Art. 103 divorce, seeking interim and final periodic spousal support pursuant to La. C.C. art. 112. In her petition, Chelsea alleged that she was free from fault in the dissolution of the marriage, that she was in need of support, and that Harry had the ability to pay such support. On March 12, 2021, the trial court rendered judgment addressing other issues, including interim spousal support. Pursuant to this judgment, Harry was ordered, in part, to pay $1,100 in interim support per month, which would terminate on September 30, 2021.

On June 15, 2021, Harry filed a motion to modify spousal support and partition community property. Regarding interim support, Harry alleged that the $1,100 per month in interim support should be terminated primarily because his financial ability was uncertain following an incident where he was shot in the head as a result of a stray bullet, and a hearing on the matter was set for August 16, 2021. As provided in Chelsea's brief, and the record before the Court, it appears that Harry's petition to modify spousal support and partition community property was abandoned.

On October 25, 2021, a hearing was held to address Chelsea's claim for final periodic spousal support. Chelsea, as the only party to testify at the

hearing, stated that she worked as a registered client service associate for Raymond James and Associates, earning approximately $3,618.24 per month. She also testified that she receives a two percent annual merit increase and usually receives a $500 Christmas bonus. At the close of the hearing, both parties agreed to submit post-trial memoranda briefs and documentation of their income and expenses for the trial court's review prior to rendering a decision on the matter.

In his income-and-expense affidavit filed on October 29, 2021, Harry claimed that his total net monthly income was $4,659.97 with $5,576.96 in monthly expenses, creating a deficit of $916.99. His expenses included rent or a house note of $1,000; several credit card bills of approximately $1,010 in total; loans totaling approximately $1,158.05; doctor bills totaling $300; a $350 cellphone bill; and a $492 motorcycle bill. In his support memorandum, Harry argued that Chelsea was not entitled to final periodic spousal support because she was gainfully employed and had no minor children or extraordinary expenses which would entitle her to continued support.

On December 21, 2021, Chelsea filed her income-and-expense affidavit, claiming that her gross monthly income was $3,618.24 and that her monthly expenses totaled $4,194.06. Some of her expenses included rent or a house note of $1,013.06; utilities (gas, water, electric, telephone, lawn care, and unspecified utility) totaling approximately $860; vehicle insurance of $118; animal expenses and vet bills of $100; bank loans and credit cards totaling approximately $808; and other miscellaneous expenses including recreation and gifts, totaling approximately $325.

2

On December 22, 2021, after a review of the income-and-expense affidavits, testimony, and submitted briefs, the trial court issued its written ruling on the matter, granting Chelsea final periodic spousal support of $800 per month until further order of the court. The trial court provided the following:

> Based on a careful examination of the parties' respective affidavits and the facts alleged and admitted in the pleadings, the court finds that an award of final periodic spousal support is appropriate based on the duration of the marriage and the conclusion that Mrs. Grissom is entitled to more than a subsistence level of income. As a general rule in this circuit, the amount by which a wife's allowable monthly expenses exceed her income is the appropriate award of support. *King v. King*, 48,881 (La. App. 2 Cir. 2/26/14), 136 So.3d 941. However, the mechanical application of this principle in the instant case would eliminate the analysis and balancing required by La. C.C. Art. 112 and would be inconsistent with Mr. Grissom's ability to pay.
>
> Based on the entirety of the record and balancing the factors set forth by law, the court awards Mrs. Grissom final periodic spousal support of $800 per month. This amount accrues from the expiration of the interim spousal support award, which expired on September 30, 2021. Any arrearages shall be paid by an additional $100 payment per month until the arrearage is extinguished.

Harry appealed, raising three assignments of error.

## DISCUSSION

A claim for spousal support is governed by La. C.C. arts. 111 and 112. With respect to final periodic spousal support, art. 111 provides that in a proceeding for divorce, a court may award final periodic spousal support to a party who is in need of support and who is free from fault prior to the filing of a proceeding to terminate the marriage. La. C.C. art. 112 provides that once freedom from fault has been established, the amount of final periodic spousal support awarded is based on the needs of that party and the ability of the other party to pay. Here, there are no allegations that either Harry or

3

Chelsea was at fault in the dissolution of the marriage, and the issues raised on appeal are limited to the trial court's granting of final spousal support.

The spouse claiming final periodic spousal support is not required to prove necessitous circumstances, only proof of need. *Bloxom v. Bloxom*, 52,728 (La. App. 2 Cir. 8/14/19), 279 So.3d 474; *Stowe v. Stowe*, 49,596 (La. App. 2 Cir. 3/4/15), 162 So.3d 638; *Anderson v. Anderson*, 48,027 (La. App. 2 Cir. 5/15/13), 117 So.3d 208. Accordingly, the trial court shall consider all relevant factors in determining the amount and duration of final support, which may include:

> (1) The income and means of the parties, including the liquidity of such means.
> (2) The financial obligations of the parties, including any interim allowance or final child support obligation.
> (3) The earning capacity of the parties.
> (4) The effect of custody of children upon a party's earning capacity.
> (5) The time necessary for the claimant to acquire appropriate education, training, or employment.
> (6) The health and age of the parties.
> (7) The duration of the marriage.
> (8) The tax consequences to either or both parties.
> (9) The existence, effect, and duration of any act of domestic abuse committed by the other spouse upon the claimant, regardless of whether the other spouse was prosecuted for the act of domestic violence.

The goal of final periodic spousal support is limited to an amount sufficient for maintenance as opposed to continuing an accustomed style of living. *Bloxom*, *supra*; *Richards v. Richards*, 49,260 (La. App. 2 Cir. 8/13/14), 147 So.3d 800. Maintenance includes the basic necessities of life, such as food, shelter, clothing, transportation, medical and drug expenses, utilities, household maintenance, and income tax liability generated by alimony payments. *Id.* However, maintenance encompasses more than

4

merely food, shelter, and clothing. *Id*.; *McClanahan v. McClanahan*, 14-670 (La. App. 5 Cir. 3/25/15), 169 So.3d 587.

*Assignment of Error 1*

In his first assignment of error, Harry argues that the trial court erred in granting Chelsea $800 in final periodic spousal support. Harry contends that for a spouse to receive such support, she must be in need and the amount of the award must be limited to maintenance as opposed to maintaining an accustomed style of living. In citing this Court's decision in *Carr v. Carr*, 33,167 (La. App. 2 Cir. 4/5/00), 756 So.2d 639, Harry argues that Chelsea does not need such support because she works full-time with a respectable annual salary of $43,418.88, has no medical complications or disabilities, and has no unusual expenses or obligations.

As a general proposition, we note that the trial court is vested with great discretion in making final periodic spousal support determinations, and its judgment will not be disturbed absent a manifest abuse of discretion. *Bloxom*, *supra*; *King v. King*, 48,881 (La. App. 2 Cir. 2/26/14), 136 So.3d 941. Upon review of the record, we cannot say the trial court abused its discretion in finding that Chelsea was in need of final periodic spousal support. First, we acknowledge that the decision in *Carr*, *supra*, provided that "a spouse who is working full time for a respectable salary who has no unusual expenses or obligations is not in necessitous circumstances so as to justify an award of post-divorce alimony."

However, contrary to this and Harry's argument that Chelsea was required to prove that she has either "unusual expenses, obligations, or medical conditions," we note that La. C.C. art. 112 and our jurisprudence

5

has since established that a spouse claiming final periodic spousal support is not required to prove necessitous circumstances, but only proof of need. *Bloxom*, *supra*. Therefore, the inquiry before this Court is whether the trial court abused its discretion in finding need. Although Chelsea is employed, her income-and-expense affidavit indicated that her expenses for basic necessities exceeded her monthly income; specifically, the affidavit provided that Chelsea earned $3,618.24 a month as a registered client service associate; however, her monthly expenses totaled $4,194.04.

There is no exact formula or rule for deciding whether and to what extent a spouse claiming final periodic support must deplete her assets. *Bloxom*, *supra*; *Anderson v. Anderson*, 48,027 (La. App. 2 Cir. 5/15/13), 117 So.3d 208. Although Harry urges that Chelsea's additional $1,100 in interim support provides her with additional income, we note that interim support terminated on September 30, 2021, and is not a permanent contribution to her income. The record as a whole clearly reflects that the trial court carefully considered Chelsea's income and financial obligations as well as each relevant art. 112 factor, and, within its broad discretion, determined that because Chelsea's expenses exceeded her monthly combined income, she established her need for final periodic spousal support. Accordingly, we find that the trial court did not abuse its discretion in finding that Chelsea was in need of final periodic support.

*Assignment of Error 2*

In his second assignment of error, Harry argues that the trial court erred in finding that he could financially provide Chelsea with $800 per month. He argues that the trial court was required to assess his entire financial condition, which included his "staggering debt" which stemmed

6

from the following obligations: $1,750 per month for credit card debt and medical bills and an additional $718.09 for student loans. Harry alleges that he is "in the negative each and every month in the amount of $916.99," and therefore, cannot pay $800 per month in final periodic spousal support.

In assessing a spouse's ability to pay, the court must consider his or her means. "Means" includes any resource from which the wants of life may be supplied, requiring an assessment of the entire financial condition of the payor spouse. *Rockett v. Rockett*, 51,453 (La. App. 2 Cir. 6/21/17), 223 So.3d 1227. "Entire financial condition" is not limited to income, but also includes any resource from which his or her needs can be supplied, including income from labor or services performed, physical property, income from such property, and a spouse's earning capacity. *Id*.; *Brown v. Brown*, 50,833 (La. App. 2 Cir. 8/10/16), 200 So.3d 887.

After a review of the record, we cannot say that the trial court failed to consider Harry's entire financial condition in light of its determination that Chelsea had a need for final spousal support. Both parties submitted their respective income-and-expense affidavits wherein Chelsea provided that her gross monthly salary was $3,618.24 and her monthly expenses totaled $4,194.04, and Harry provided that his gross monthly income was $7,755.00 and his expenses were $5,776.96. In its evaluation of their respective incomes and expenses with respect to the factors set forth in art. 112, the trial court specifically acknowledged that while Harry had a "wide range of consumer debts and expenses," he also excluded "several voluntary withholdings from his income."

We further note that, like Chelsea, Harry works full-time and makes a respectable salary. Although he argues that his injury from the shooting

7

incident impacted his ability to provide financial support, the record is

devoid of any evidence which suggests that he cannot pay.  Therefore, the

trial court's determination, based upon the evidence comprising the record,

that Harry could pay Chelsea's final periodic spousal support was not

manifestly erroneous or an abuse of discretion.  The assignments of error

regarding Harry's ability to pay are without merit.

*Assignment of Error 3*

In his final assignment of error, Harry argues that the trial court erred

in considering expenses not typically included in calculations for final

periodic spousal support.  Harry identified the following expenses provided

in Chelsea's income-and-expense affidavit:

- College expenses (for her son): $100
- Telephone, internet, and TV: $425
- Lawn care: $100
- Animal/Vet bills: $100
- Recreation and Special expenses: $50
- Gifts: $125
- Credit Cards and Miscellaneous expenses: $650

Harry argues that expenses for adult children are generally not considered in

living expenses for purposes of final periodic spousal support.  He further

notes that this Court has only permitted TV and internet to be considered

basic necessities when needed for a claimant's medical condition or the

claimant was limited from leaving or working outside of the home.  *King*,

*supra*.  He argues that such services are not automatically included in basic

necessities; instead, there must be proof of need and Chelsea failed to

provide any documentation evidencing that TV and internet services are a

basic necessity.

He further notes that Chelsea's expenses for lawn care, animal/vet

care, and recreation do not fall under the definition of basic necessities,

which he argues should only include, "the allowable expenses for food, shelter, clothing, reasonable and necessary transportation or automobile expenses, utilities, household expenses, and medical and drug expenses." *Bloxom*, *supra*. He cites *Tucker v. Tucker*, 2022-23 (La. App. 3 Cir. 6/8/22), 344 So.3d 808, for the proposition that final periodic support is not about "continuing an accustomed style of living," but is limited to an amount sufficient for maintenance, which does not include the aforementioned expenses. Finally, he cites *Launey v. Launey*, 94-849 (La. App. 3 Cir. 12/9/98), 722 So.2d 406, arguing that Chelsea's credit card debt should not be considered a proper item of support. Harry contends that because Chelsea has a healthy income and has only included the aforementioned expenses as means to "fluff" her expenses, the trial court's judgment should be reversed.

Although some of Chelsea's claimed expenses may not be "necessary" or seen as proper items for purposes of final periodic spousal support, we cannot say that the trial court considered such items in its final calculation of final spousal support. While the trial court did not specifically identify which of Chelsea's expenses were necessary for her maintenance, it is nevertheless clear that it recognized that certain expenses provided in Chelsea's income-and-expense affidavit were inflated. Specifically, the trial court, in examining the art. 112 factors in this respect, provided that Chelsea "submitted a more narrowly detailed and focused affidavit, although some of the expenses did seem high for their description (such as $340.00 for phone services for one person)."

It is also clear that the trial court eliminated/reduced several of Chelsea's expenses as evidenced by the amount of final periodic spousal

9

support the trial court awarded Chelsea. In her income-and-expense affidavit, Chelsea indicated that her total monthly deficit was $4,194.06 and exceeded her income by $1,558.36; however, the trial court only awarded her $800, an amount significantly lower than Chelsea indicated her total expenses to be. Based on the foregoing, we find that the trial court did not abuse its great discretion in granting final periodic spousal support in favor of Chelsea in the amount of $800 per month.

## CONCLUSION

For the reasons expressed, we affirm the trial court judgment awarding Chelsea Posey Grissom final periodic spousal support of $800 per month. Costs of this appeal are assessed against the appellant, Harry Leonard Grissom.

**AFFIRMED.**